Deaderick, J.,
delivered the opinion of the Court.
Complainants, with others, became sureties upon the official bonds of defendant, in August, 1865, upon his appointment as Clerk and Master of the Chancery Court at Manchester. At the August Term, 1868, of said Chancery Court, the following entry appears to have been made:
“This day, James Price, C. & M., came into open *625 court, and upon his own application, asked leave of the Court to give new bonds, with other securities, which the Court permitted him to do. Whereupon the said James Price presented the following bonds, which, having been acknowledged before, and certified and approved by, the Gourt, were ordered to be spread upon the minutes, to-wit.” Then follow the several bonds, required to be executed by law, by. the Clerk and Master, and the new sureties.
No order discharging complainants and their co-sureties-was made at this term of the Court.
On the 6th of November, 1868, the complainants gave defendant notice that they would apply to be discharged from their suretyship upon his official bonds, on, the 12th of November, 1868, at the special term of the Chancery Court then to be held, and entered a motion to be discharged at the time specified in the notice..
On the 14th of November, two days, after the motion was entéred, the Court, upon argument of counsel, decreed as follows: “That the defendant, James Price, at the August Term, 1868, asked leave of the. Court to give new bonds, with other securities, which leave was granted j the said Clerk and Master having, at some previous day, just before or about the beginning of the term, stated .to the Chancellor that he had been informed privately that the' said Hickersons, two of his securities upon his former bonds, desired him to- give new bonds,, as, they did. not desire to be longer- bound as. his securities, and that therefore he wished to. give new bonds^ and this last fact being known to, the Chancellor, though not entered on the minutes, and the Court being further satisfied that *626 said new bonds, thus given on the 13th day of August, 1868, were regularly and legally executed and acknowledged and received by the Court, and the Court being of opinion that the notice subsequently given by the complainants, and their motion thereunder before the Court, is unnecessary, and can effect no more than was accomplished by the new bonds already executed by said Clerk and Master and sureties, and approved by the Court, declines, under the notice and motion of said Hickersons, to make any further order on the Clerk and Master as to bonds, and dismisses the motion at the costs of complainants.” From this order or decree the complainants appeal.
The question presented for our determination is, did the execution of the new bonds at August Term, 1868 exonerate the complainants from all further 'liability upon the bond which they had theretofore executed as sureties of defendant? If so, their motion was properly dis_ missed; if not, they were entitled, to be discharged by the execution of a new bond by their principal, or upon his failure to give such new bond, to have the office declared vacant and a new appointment made.
Proceedings, under our statutes, for the release of sureties upon official bonds, are summary in their character, and are not to be extended by construction, so as to embrace cases not provided for by statute. The cases in which public officers may be required to give new bonds are specified in section 778 of Code, and in section 785. This last named section provides for the release of the sureties of an officer by giving notice in writing.
The proceedings of the Chancery Court, in the taking *627 of the new bond in this case, was, in the opinion of the Chancellor, sustained by section 788 of the Code. That section provides: “When any officer consents, in any case, upon public or private application of any of his sureties, to give a new bond, it may be taken without further proceedings, with the same effect as if executed upon order.” The proper construction of this section is, that the application of the sureties is to be made by them to the Court; and this being a summary proceeding, every fact necessary, under the statutes, to confer jurisdiction upon the Court, should be recited in the decree or judgment accepting the new and exonerating the original sureties.
The proceedings of the August Term, 1868, as transcribed in this record, simply show that defendant, Price, upon his own application, was allowed to give bond, with new sureties, without showing any reason for the application. The statutes nowhere confer authority upon the Chancellor to take new bond and security in such a case. And even, if we could look to the recitals of the subsequent decree dismissing the plaintiff’s motion in this case, (which is a different case from that in which 'the new bond was taken,) these recitals (|o not fall within the provisions, or fulfill the requirements of section 788 of the Code. The recitals of that decree are, that the said Clerk and Master had, before or at the beginning of the term, informed the Chancellor that he, the Clerk- and Master, had been informed privately that the said Nick-ersons desired to be released.
The application is thus shown to have been made to *628 the Court by the defendant, Price, and not by the sureties, as contemplated by the statute.
It follows, therefore, that there was no authority conferred by the statute upon the Chancellor’, to take the new bond, and that the complainants were not released, as sureties, thereby.
The decree of the Chancellor will be reversed, and the cause remanded to be proceeded in, in conformity to this opinion.
The decree was entered as follows:
This cause coming on to be heard, on the transcript of the record from the Chancery Court at Manchester, and the same being inspected, and argument of counsel heard, because it appears that there is manifest error in the record, the action of the Court below is reversed. And it appearing to the Court that the said appellants were entitled, on their application, to an order upon the said James Price, compelling him to give additional bonds, pursuant to the notice of the appellants, and that there was not, by reason of the alleged facts stated by the Chancellor in the record, any valid grounds for refusing to make said ordei’, it is therefore ordered and adjudged that the said James Price shall, within the first three days of the next term of said Court, execute bonds, as required by law, in addition to the bonds heretofore given by the said James Price; and that, from and after the execution of the said bonds, and the acceptance and approval thereof by the Court, the said appellants will be, *629 by operation of law, released from all liability for any act of the said Price, which may happen or be performed after the acceptance thereof. On failure of the said James Price to give such bond, within the time prescribed, to the satisfaction of the Chancellor, the office of said Price, as Clerk and Master, shall be immediately declared vacant by such Court, and a new Clerk and Master be appointed.